UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TERESA RAATZ, individually and on
behalf of all others similarly situated,

                *Plaintiff*,

Case No.: 1:25-cv-00357-JLS

              **v.**

FISHER-PRICE, INC., and MATTEL,
INC.,             *Defendants*.

## PLAINTIFF'S MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

# TABLE OF CONTENTS

I.     INTRODUCTION………………………………………………...…………………1

II.    FACTUAL BACKGROUND…………………….…………………………………..1

III.   LEGAL STANDARD……………………………………………………………..2

IV.    ARGUMENT…………………………………………………………………...3

    A.  Plaintiff Alleges an Injury In-Fact Sufficient to Confer Article III
        Standing…………………………………………………………………..………3

    B.  Plaintiff States a Claim Under New York General Business Law §349 and §350………..5

        a.   Defendants Engaged in Consumer-Oriented Conduct…………………………….6

        b.   Defendants Made Materially Misleading Omissions………………………………6

        c.   Plaintiff Suffered Actual Injury……………………………………………..7

        d.   Plaintiff Alleges the Requisite Nexus to New York………………………………8

    C.  Plaintiff States a Claim for Unjust Enrichment…………………………………...9

    D.   Home State and Local Controversy Exceptions to CAFA are Inapplicable……………10

        1.   Class Definition Is Nationwide, Not New York-Only……………………………11

        2.   Multiple Defendants and Nationwide Conduct………………………………13

        3.   Nationwide Class and Injuries Across the U.S………………………………14

V.     CONCLUSION…………………………………………………..................15

## TABLE OF AUTHORITIES

**Cases**

*Adams v. W. Marine Prods*.,
   958 F.3d 1216, 1221 (9th Cir. 2020)…………………………….……………13, 14

*Agerbrink v. Model Serv*. LLC,
   155 F.Supp. 3d 448, 458 (S.D.N.Y. 2016)……………………………………………...10

*Anderson v. Unilever U.S., Inc*.,
   607 F. Supp. 3d 441, 455 (S.D.N.Y. 2022)…………………………………………………7

*Ashcroft v. Iqbal*,
   556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)………………………………..2

*Ateres Bais Yaakov Acad. of Rockland v. Town of Clarkstown*,
   88 F.4th 344, 353 (2d Cir. 2023)………………………………………………………………5

*Axon v. Florida's Nat. Growers, Inc*.,
   813 F. App'x 701, 704 (2d Cir. 2020)………………………………………………………7

*Baron v. Pfizer, Inc*.,
   840 N.Y.S.2d 445, 448 (N.Y. App. Div. 3 2007)……………………………………………...7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544, 555 (2007)………………………………………………………………………3

*Block v. Meese*,
   793 F.2d 1303, 1309 (D.C. Cir. 1986)………………………………………………………5

*Brook v. UnitedHealth Grp. Inc*.,
   No. 06 Civ. 12954 (GBD), 2007 WL 2827808, at *3-4 (S.D.N.Y. Sept. 27, 2007)…………14

*Colpitts v. Blue Diamond Growers*,
   No. 20-cv-02487 (JPC), 2023 U.S. Dist. LEXIS 57108,
   2023 WL 2752161, at *4 (S.D.N.Y. Mar. 31, 2023)…………………………………………..8

*Cooper v. Anheuser-Busch, LLC*,
   553 F. Supp. 3d 83, 94 (S.D.N.Y. 2021)……………………………………………………6

*Dep't of Com. v. New York*,
   588 U.S. 752, 768 (2019)……………………………………………………………………5

*Duran v. Henkel of Am., Inc*.,
   450 F. Supp. 3d 337, 350 (S.D.N.Y. 2020)……………………………………………………7

*Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC,*
    783 F.3d 395, 401 (2d Cir. 2015)…………………………………………………………2

*Gold v. N.Y. Life Ins. Co.,*
    730 F.3d 137, 141 (2d Cir. 2013)……………………………………......………11, 15

*Goshen v. Mut. Life Ins. Co. of N.Y.,*
    98 N.Y.2d 314, 324-25 (2002)……………………………………………………………9

*Green v. Sheraton, LLC,*
    2022 WL 4072475, at *2 (W.D.N.Y. 2022)………………………………………………13

*Hess v. Bath,*
    No. 21-CV-4099, 2023 U.S. Dist. LEXIS 3849 (S.D.N.Y. Jan. 9, 2023)……………………12

*Hughes v. Ester* C Co.,
    930 F. Supp. 2d 439, 453–54 (E.D.N.Y. 2013)…………………………………………..4

*In re JUUL Labs, Inc., Mktg., Sales Pracs. & Prod. Liab. Litig*.,
    497 F. Supp. 3d 552, 639-40 (N.D. Cal. 2020)…………………………………………10

*In re Recalled Abbott Infant Formula Prods. Liab. Litig*.,
    97 F.4th 525, 532 (7th Cir. 2024)………………………………………………4, 10

*Jus Punjabi, LLC v. Get Punjabi US,* Inc.,
    640 F. App'x 56, 58 (2d Cir. 2016)………………………………………………………3

*Kelly v. Beliv LLC,*
    No. 21-cv-08134 (LJL), 2024 U.S. Dist. LEXIS 42836,
    2024 WL 1076217, at *9 (S.D.N.Y. Mar. 12, 2024). …………………………………8

*Kurovskaya v. Project O.H.R., Inc*.,
    251 F. Supp. 3d 699, 703 (S.D.N.Y. 2017)…………………………………………..11

*MacNaughton v. Young Living Essential Oils, LC,*
    67 F.4th 89, 96. (2d Cir. 2023)…………………………………………………...6

*Mattera v. Clear Channel Commc'ns, Inc*.,
    239 F.R.D. 70, 80 (S.D.N.Y. 2006)………………………………...……………9, 14, 15

*Orlander v. Staples, Inc*.,
    802 F.3d 289, 302 (2d Cir. 2015)…………………………………………………....7

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A*.,
    85 N.Y.2d 20, 25 (1995)…………………………………………………………6

*Papasan v. Allain*,
    478 U.S. 265, 286 (1986)……………………………………………………………………3

*People ex rel. Spitzer v. Telehublink Corp*.,
    301 A.D.2d 1006, 1007 (3d Dep't 2003)……………………………………………………9

*Plavin v. Grp. Health Inc*.,
    35 N.Y.3d 1, 11-12 (2020)…………………………………………………………………9

*Sheth v. New York Life Ins. Co*.,
    709 N.Y.S.2d 74 at 74 (App. Div. 1d Dep't 2000)………………………….………………6

*Spokeo, Inc. V. Robins*,
    578 U.S. 330……………………………………………………………………………3, 4

*Stutman v. Chem. Bank*,
    95 N.Y.2d 24, 731 N.E.2d 608, 612, 709 N.Y.S.2d 892 (N.Y. 2000)………………………8, 10

*Telesco v. Starbucks Corp*.,
    682 F. Supp. 3d 397, 403 (S.D.N.Y. 2023)…………………………………………………6

*Thompson v. Kline*,
    504 F. Supp. 3d 200, 207 (W.D.N.Y. 2020)………………………………...…………………3

*Velez v. Lasko Prods., LLC*,
    2025 U.S. Dist. LEXIS 127564, *9……………………………………………...………………8

*Walker v. Schult*,
    717 F.3d 119, 124 (2d Cir. 2013)……………………………………………………………2

*Westerfeld v. Independent Processing, LLC*,
    621 F.3d 819, 822-23 (8th Cir. 2010)…………………………………………………...……14

**Statutes**

28 U.S.C. §1332(d)(4)(B)…………………………………………………………………10,13

28 U.S.C. §1332(d)(4)(A)…………………………………………………………………11

28 U.S.C. § 1332(d)(4)…………………………………………………………………11

28 U.S.C. §1332(d)(4)(A)-(B)…………………………………………………………………11

**Other Authorities**

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)………………………………………1

Federal Rule of Civil Procedure Rule 8(2)……………………………………………………..3

New York General Business Law ("GBL") §§ 349 and 350………………………*passim*

S. Rep. No. 109-14, at 14 (2005)………………………………………………...……………13

## I.     INTRODUCTION

Defendants move to dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants argue that Plaintiff lacks Article III standing and that the Complaint fails to state a claim upon which relief can be granted under New York General Business Law ("GBL") §§ 349 and 350, as well as for unjust enrichment. In addition to these challenges, Defendants contend that this Court lacks jurisdiction under the Class Action Fairness Act ("CAFA") based on the home state and local controversy exceptions, which they claim mandate dismissal of the action.

As detailed below, Plaintiff has adequately alleged concrete injuries sufficient to establish Article III standing, and the Complaint sets forth plausible claims for relief under GBL §§ 349 and 350 and under the equitable theory of unjust enrichment. Moreover, Defendants' jurisdictional objections under CAFA misstate both the factual record and the applicable legal standards. Accordingly, for the reasons set forth herein, the Court should deny Defendants' Motion to Dismiss in its entirety and permit this action to proceed.

## II.     FACTUAL BACKGROUND

Defendants Fisher-Price, Inc. and Mattel, Inc. manufacture, market, and sell children's products nationwide, including the Fisher-Price 3-in-1 SnugaPuppy Activity Center, Model HLV78 ("the Product"). The Product includes a detachable "tissue box" toy marketed as safe for infants and young children.

Despite Defendants' assurances of safety, the Product poses a serious choking hazard. The tissue box toy can detach and break apart, exposing small internal brackets. At least one report confirmed that an infant placed one of these brackets in their mouth, triggering a recall by the U.S.

Consumer Product Safety Commission ("CPSC") and Fisher-Price on April 10, 2025. Approximately 15,300 units of the Product had been sold to consumers nationwide between November 2022 and February 2025.

Plaintiff Teresa Raatz purchased the Product for use by her infant child, unaware of the dangerous defect. She used the Product daily until the tissue box fell apart, creating the exact choking hazard identified in the recall. (Compl. ¶37). Like other consumers, Plaintiff reasonably relied on Defendants' marketing and reputation for child safety. Defendants never disclosed the risk on packaging, labeling, instructions, advertising, or through any other means prior to the recall.

By continuing to manufacture and sell the Product despite knowledge of its hazards, and by delaying the recall, Defendants unreasonably profited while exposing infants to life-threatening risk. As a result, Plaintiff and class members purchased a worthless or substantially devalued product, suffered economic harm, and incurred the cost of replacing a product that should have been safe for its intended use.

## III.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 401 (2d Cir. 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). "A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). "In deciding a motion to dismiss, a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff." *Thompson v. Kline*, 504 F. Supp. 3d 200, 207 (W.D.N.Y. 2020).

"The pleading standard in Federal Rule of Civil Procedure 8 does not require 'detailed factual allegations[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Federal Rule of Civil Procedure Rule 8(2) requires a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plausibility, however, requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." *Twombly*, 550 U.S. at 556. Plaintiff meets this standard by providing enough facts in a complaint to provide "fair notice" of the nature of the claim, and also "grounds" on which the claim rests. *Jus Punjabi, LLC v. Get Punjabi US*, Inc., 640 F. App'x 56, 58 (2d Cir. 2016).

## IV.     ARGUMENT

### A.  Plaintiff Alleges An Injury In-Fact Sufficient to Confer Article III Standing

In order for the Plaintiff to have standing under Article III the following requirements must be met: (1).  The injury-in-fact requirement requires that the plaintiff allege an injury that is both concrete and particularized; (2) the injury must be fairly traceable to the challenged conduct of the defendant, and (3) that the injury is likely to be redressed by a favorable judicial decision.  *Spokeo, Inc. V. Robins,* 578 U.S. 330.  Plaintiff has satisfied the three (3) necessary requirements for Article II standing.  Plaintiff purchased the Fisher-Price 3-in-1 SnugaPuppy Activity Center, later recalled for a serious choking hazard to infants. (Compl. ¶¶ 2–3, 11).  She suffered economic injury by paying for an unmerchantable product, and her infant faced a real and imminent risk of harm. Further, Plaintiff states in her pleading that she used the recalled product daily with her child until the tissue box fell apart and into small pieces as described under the Recall.  (Compl. ¶ 37). At the time of her purchase, Plaintiff was unaware of the risks associated with the Product and the dangers it posed to her child's health and safety.

In order to establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical. *Spokeo, Inc. V. Robins,* 578 U.S. 330. "Economic injury suffices as a form of injury-in-fact that meets the first element of standing." *Hughes v. Ester* C Co., 930 F. Supp. 2d 439, 453–54 (E.D.N.Y. 2013) "Economic harm can be a concrete injury sufficient to confer standing. *In re Recalled Abbott Infant Formula Prods. Liab. Litig*., 97 F.4th 525, 529 (7th Cir. 2024). That includes when, as a result of a deceptive act or an unfair practice, a plaintiff is deprived of the benefit of his bargain." *Id.* "A universal defect inherent in a product – such as a design defect or a fundamental flaw- renders each product valueless to each plaintiff." *Id* at 530. Here, the Plaintiff's allegations mirror these principles: she paid for an activity center represented as safe (deceptive act and/or an unfair practice) for infants but received a dangerous and ultimately valueless product (deprived of the benefit of the bargain), causing clear economic harm. At the motion to dismiss stage, these allegations are more than sufficient to establish standing and injury.

Plaintiff's infant also faced a real and imminent choking hazard, satisfying the "risk of real harm" standard under *Spokeo*. 578 U.S. at 341. In, *In re Recalled Abbott Infant Formula Prods. Liab. Litig*., the court rejected standing where plaintiffs only alleged a speculative risk of harm without alleging that the purchased units were defective or valueless. *Id*. at 531–32. Here, Plaintiff alleges a universal design defect that rendered the Activity Center unsafe and unmerchantable, and the product physically disassembled during use, creating an imminent choking hazard-which is precisely the basis for recalling the Product. (Compl. ¶¶ 2–11). This real and particularized injury satisfies Article III.

Additionally, traceability requires "no more than *de facto* causality" and is lower than proximate causation. *See Dep't of Com. v. New York*, 588 U.S. 752, 768 (2019) (quoting *Block v.*

*Meese*, 793 F.2d 1303, 1309 (D.C. Cir. 1986)); *Ateres Bais Yaakov Acad. of Rockland v. Town of Clarkstown*, 88 F.4th 344, 353 (2d Cir. 2023).

Defendants manufactured, marketed, and sold an unsafe product. The Complaint alleges that Fisher-Price and Mattel manufactured, marketed, and sold the 3-in-1 SnugaPuppy Activity Center nationwide, including to Plaintiff. (Compl. ¶¶ 1, 4-6, 27.). Defendants affirmatively represented the Product as safe for infants and omitted the known choking hazard from the detachable tissue box toy. (Compl. ¶¶ 6-7, 10, 55, 63.)

Plaintiff purchased the product in reliance on Defendants' representations and omissions. Plaintiff purchased the Product for her infant child, unaware of the choking hazard because Defendants concealed that risk in labeling, advertising, and marketing. (Comp. ¶¶ 10-12, 34-37, 55-56, 63-64). Plaintiff used the Product daily until it broke apart, creating the very safety risk Defendants failed to disclose. (Compl. ¶ 37). Plaintiff's economic harm flows directly from the Defendants' conduct. Plaintiff and the class paid money for a product that was unsafe, unfit for its intended purpose, and ultimately worthless or diminished in value. (Compl. ¶¶12, 28-29, 57, 65). But for the Defendant's deceptive marketing and omissions, Plaintiff would not have purchased the Product or would have paid less for it. (Compl. ¶¶ 57, 65).

Plaintiff's allegations satisfy this standard: her economic losses are the direct result of Defendant's decision to sell a dangerous product and conceal its risk. Plaintiff's injuries are fairly traceable to Defendants' deceptive conduct, and she satisfies the causation element of Article III standing. Further, Plaintiff's injuries flow directly from Defendants' design, marketing, and sale of the unsafe product. (Compl. ¶¶ 2–13)

**B. Plaintiff States a Claim Under New York General Business Law §349 and §350**

Plaintiff brings claims under GBL §§ 349 and 350, which New York's highest court has recognized are founded on the overarching belief that "[c]onsumers have the right to an honest marketplace where trust prevails between buyer and seller." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A*., 85 N.Y.2d 20, 25 (1995). Deceptive Acts and Practices and False Advertising are analyzed together. *MacNaughton v. Young Living Essential Oils, LC*, 67 F.4th 89, 96 (2d Cir. 2023). These two statutes require a claimant to show that the defendant engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice. *Id.*

### a. Defendants Engaged in Consumer-Oriented Conduct

Defendants engaged in conduct that has a broad impact on consumers at large, not a purely private transaction. "A defendant engages in 'consumer-oriented' activity if [the company's] actions cause injury or harm to the public interest." *Telesco v. Starbucks Corp*., 682 F. Supp. 3d 397, 403 (S.D.N.Y. 2023) (citing *Cooper v. Anheuser-Busch, LLC*, 553 F. Supp. 3d 83, 94 (S.D.N.Y. 2021)). *See also Sheth v. New York Life Ins. Co*., 709 N.Y.S.2d 74 at 74 (App. Div. 1d Dep't 2000) (where the court found that the requirement for consumer-oriented conduct was met via Plaintiff's "showing that the practice has a broader impact on the consumer at large"). Here, Defendants marketed, distributed, and sold the Fisher-Price 3-in-1 SnugaPuppy Activity Center to thousands of consumers nationwide, including New York. Such widespread sales to the general public are quintessential consumer-oriented conduct and thus satisfies the first elements under GBL §§ 349 and 350.

### b. Defendants Made Materially Misleading Omissions

Under New York General Business Law sections 349 ("§349") and 350 ("§350"), a plaintiff must allege that, "on account of a materially misleading practice, she purchased a product and did

not receive the full value of her purchase." *Orlander v. Staples, Inc*., 802 F.3d 289, 302 (2d Cir. 2015). Allegations that a "product was marketed as having a special quality, that the marketing enabled the company to charge a premium for the product, and that the plaintiff paid this premium and later discovered that the product 'did not, in fact, have the marketed quality[]'" are sufficient. *Anderson v. Unilever U.S., Inc*., 607 F. Supp. 3d 441, 455 (S.D.N.Y. 2022) (quoting *Duran v. Henkel of Am., Inc*., 450 F. Supp. 3d 337, 350 (S.D.N.Y. 2020)) *see also Axon v. Florida's Nat. Growers, Inc*., 813 F. App'x 701, 704 (2d Cir. 2020) (allegations that "the price of the product was inflated as a result of defendant's deception" are sufficient) (quoting *Baron v. Pfizer, Inc*., 840 N.Y.S.2d 445, 448 (N.Y. App. Div. 3 2007)).

Defendants' marketing and promotional materials portrayed the Product as safe for infants and failed to disclose the known choking hazard in the detachable tissue box. Defendants affirmatively represented the Product as safe for infants and omitted the known choking hazard from the detachable tissue box toy.  (Compl. ¶¶ 6-7, 10, 55, 63.) Plaintiff alleges that Defendants' omissions of the choking risks of the Product are materially misleading representations since they misrepresent that the Product does not pose a risk to infant users. As a result of these omissions, reasonable consumers formed the mistaken belief that the Product was safe to use. (Compl. ¶ 63). Moreover, Plaintiff alleges injury inasmuch as she paid a premium for a Product that posed a choking risk, contrary to Defendants' omissions. Had she known the truth about the Product, Plaintiff and the Nationwide Class would not have purchased the Product or would have paid significantly less for it. Accordingly, Plaintiff and the Nationwide Class received less than what they bargained and/or paid for. (Compl. ¶ 65).

### c.  Plaintiff Suffered Actual Injury

To recover under GBL sections 349 and 350, "a plaintiff must prove 'actual' injury . . . , though not necessarily pecuniary harm." *Velez v. Lasko Prods., LLC*, 2025 U.S. Dist. LEXIS 127564, *9 (citing *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 731 N.E.2d 608, 612, 709 N.Y.S.2d 892 (N.Y. 2000)). "A plaintiff suffers actual injury if, 'on account of a materially misleading practice, she purchased a product and did not receive the full value of her purchase.'" *Id.* at 10* (citing *Colpitts v. Blue Diamond Growers*, No. 20-cv-02487 (JPC), 2023 U.S. Dist. LEXIS 57108, 2023 WL 2752161, at *4 (S.D.N.Y. Mar. 31, 2023)). Plaintiffs may demonstrate that they did not receive the full value of their purchase by showing that (1) they "paid a higher price for a product than [they] otherwise would have paid because defendant's deceptive conduct artificially inflated the market price — *i.e.*, that [they] paid a 'price premium'" and/or that (2) they were "exposed to a material deceptive act and relied on that misrepresented fact to [their] detriment." *Id.* (citing *Kelly v. Beliv LLC*, No. 21-cv-08134 (LJL), 2024 U.S. Dist. LEXIS 42836, 2024 WL 1076217, at *9 (S.D.N.Y. Mar. 12, 2024).

As mentioned above, Plaintiff alleges actual injury in that she paid full price (i.e. a premium) for a defective, dangerous, and worthless Product that posed a choking risk, contrary to Defendants' omissions. Likewise, Plaintiff alleges that had she known the truth about the Product, she would not have purchased the Product or would have paid significantly less for it. (Compl. ¶¶ 56, 57, 65). Thus, Plaintiff adequately proves an actual injury under GBL sections 349 and 350.

### d.  Plaintiff Alleges the Requisite Nexus to New York

Defendants argue that Plaintiff has not alleged the requisite nexus between New York State. Def. Mem. at 10. Defendant's reliance on the so-called "New York nexus" requirement is overstated. While the Court of Appeals has recognized that a challenged transaction must have some connection to New York, it did not hold that plaintiffs must be New York residents or that

the entire transaction must occur within the state. *See Goshen v. Mut. Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 324-25 (2002). Here, Plaintiff alleges that Fisher Price's deceptive marketing and omissions regarding the safety of its recalled product emanated from New York but were disseminated and relied upon nationwide. Courts have repeatedly slowed claims under GBL §§349 and 350 to proceed where the deceptive conduct originated in New York, even if the plaintiff resided elsewhere or the harm was felt outside the state. *See People ex rel. Spitzer v. Telehublink Corp.*, 301 A.D.2d 1006, 1007 (3d Dep't 2003); *see also Plavin v. Grp. Health Inc.*, 35 N.Y.3d 1, 11-12 (2020). These authorities confirm that Defendant's narrow reading of the statutes is unsupported.

Against this backdrop, Defendant's suggestion that the "New York nexus" requirement creates a presumption that at least two-thirds of the putative class are New York citizens is unfounded. The statutory requirement of a connection to New York is a substantive element of liability, not a proxy for class composition. This is particularly true in the context of Fisher Price's nationwide recall and marketing, where the alleged deception was uniform across all fifty states and harmed consumers far beyond New York. Courts applying CAFA have rejected attempts to invoke the "local controversy" or "home state" exceptions based on similar speculation. *See Mattera v. Clear Channel Commc'ns, Inc.*, 239 F.R.D. 70, 80 (S.D.N.Y. 2006). Defendant's argument therefore fails both as a matter of statutory interpretation and as a matter of CAFA jurisdiction.

### C. Plaintiff States a Claim for Unjust Enrichment

Plaintiff alleges Defendants unjustly retained profits from selling an unmerchantable, valueless, unsafe product. (Compl. ¶ 12) Unjust enrichment is an equitable doctrine designed to prevent Defendants from retaining a windfall at the expense of consumers who reasonably believed they were purchasing a safe product for their infants. The elements of unjust enrichment are, (1)

Defendants were enriched, (2) at Plaintiff's expense, and (3) equity and good conscience militate against permitting Defendants to retain those profits, which are all satisfied here. *See Mandarin Trading Ltd., v. Wildenstein*, 16 N.Y.3d 173, 182, 944 N.E.2d 1104, 1109 (2011). Defendants enriched themselves by selling over 15,000 defective units, directly at the expense of Plaintiff and the putative class who paid money for a product marketed as safe but inherently defective. Equity strongly favors restitution because parents would not have purchased or would have paid far less, for the product had Defendants disclosed the choking hazard. *See Agerbrink v. Model Serv*. LLC, 155 F.Supp. 3d 448, 458 (S.D.N.Y. 2016); *see also In re JUUL Labs, Inc., Mktg., Sales Pracs. & Prod. Liab. Litig*., 497 F. Supp. 3d 552, 639-40 (N.D. Cal. 2020). Courts in the recall context emphasize that the economic injury occurs at the point of purchase, regardless of later remediation. *See In re Recalled Abbott Infant Formula Prods. Liab. Litig*., 97 F.4th 525, 532 (7th Cir. 2024); *see also Stutman v. Chem. Bank*, 95 N.Y.2d 24, 30, 731 N.E.2d 608, 612 (2000). To hold otherwise would allow Defendants to profit from their misconduct so long as they belatedly offered remediation, an outcome equity does not permit.

To the extent Plaintiff cannot satisfy the GBL claims, the Court may hold that the unjust enrichment claim is viable. Thus, because question of fact remains as to all of Plaintiff's claims, dismissal of unjust enrichment is premature.

### D.  The Home State and Local Controversy Exceptions to CAFA Are Inapplicable

Under the home state exception to the Class Action Fairness Act (CAFA), federal district courts must decline to exercise jurisdiction over a class action in which "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. §1332(d)(4)(B). Additionally, under the local controversy exception, the court must decline to exercise jurisdiction over a class

action in which: (1) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed; (2) at least 1 defendant is a defendant from whom significant relief is sought by members of the plaintiff class, and whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; (3) the defendant is a citizen of the State in which the action was originally filed; (4) the principal injuries were incurred in the State in which the action was originally filed; and (5) no other class action asserting the same or similar factual allegations has been filed against any of the defendants within the three years preceding the filing of the class action.  See, 28 U.S.C. §1332(d)(4)(A). Further, the home state and local controversy exceptions under 28 U.S.C. § 1332(d)(4) are narrow exceptions to CAFA jurisdiction.  Defendants, as the party invoking the exceptions, bear the burden of proving each statutory element by a preponderance of the evidence. *See Gold v. N.Y. Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013) (CAFA's grant of federal jurisdiction is broad, and exceptions are narrowly construed).

 **1.  Class Definition Is Nationwide, Not New York-Only**

 The common requirement for both CAFA exceptions is that two-thirds or more of the members of the putative class must be citizens of the State in which the action was originally filed. See, 28 U.S.C. §1332(d)(4)(A)-(B). Defendants cite to *Kurovskaya v. Project O.H.R., Inc*., 251 F. Supp. 3d 699, 703 (S.D.N.Y. 2017) for the proposition that a court may "infer citizenship for the purposes of evaluating whether the citizenship requirement of a CAFA exception has been met." Def. Mem. at 21. However, the facts in *Kurovskaya* are inapplicable to the instant case. The complaint in *Kurovskaya* asserted the following: (i) class members were "individuals currently residing" in New York; (ii) the Defendant's principal place of business was in New York; (iii) the class consisted of persons employed by the Defendant to provide "home care services" within New

York. Here, Plaintiff brings a nationwide class action: "All persons in the United States who purchased or used a Fisher-Price 3-in-1 SnugaPuppy Activity Center…" (Complaint ¶ 41). Defendants' argument that "two-thirds of the class are logically New York citizens" is unsupported speculation. The Complaint alleges nationwide sales of approximately 15,300 units, and Plaintiff herself is a Texas citizen. No evidence suggests that two-thirds of purchasers were New York citizens. Indeed, the CPSC recall Notice specifically references that this Product was sold at Walmart Stores nationwide and online at Walmart, Amazon and other websites.[1] As such, Plaintiff is hard pressed to so how, at this stage of the proceedings, the Defendants can confidently claim the                              local                        controversy                        exception.

Defendant also cites to *Hess v. Bath*, No. 21-CV-4099, 2023 U.S. Dist. LEXIS 3849 (S.D.N.Y. Jan. 9, 2023), where the plaintiffs brought a class action suit against Bed Bath & Beyond, Inc., ("BBB") alleging BBB improperly paid wages and failed to provide statutorily required hiring notices. *Id*. at *2. Notably, BBB was incorporated in New York, the named plaintiffs were employed at a BBB retail store located in New York, and all the named plaintiffs, except one, resided in New York. *Id*. Furthermore, the putative class was defined as "[a]ll manual workers who worked for Bed Bath & Beyond, Inc. in New York State…" *Id*. at *4. Ultimately, the plaintiffs in *Hess* agreed that two-thirds of putative class were citizens of New York. *Id*. at *15.

Here, unlike in *Kurovskaya* and *Hess*, the facts do not support the assumption that two-thirds of the putative class members are citizens of New York. Plaintiff is a resident of Texas, the putative class is defined as "[a]ll persons in the United States who purchased or used a Fisher-Price 3-in-1 SnugaPuppy Activity Center," and the SnugaPuppy Activity Center was sold at various stores nationwide and online. *See*, [Compl. ¶¶ 4-5, 27, 34, 41]. These facts, without more,

---

[1] https://www.cpsc.gov/Recalls/2025/Fisher-Price-Recalls-Tissue-Box-Toy-Sold-with-SnugaPuppy-Activity-Centers-Due-to-Choking-Hazard

do not support Defendant's contention that it is likely that two-thirds of the proposed class are New York citizens. *See*, *Adams v. W. Marine Prods.*, 958 F.3d 1216, 1221 (9th Cir. 2020) (to show that an exception to CAFA jurisdiction applies, "the moving party must provide some facts in evidence from which the district court may make findings regarding class members' citizenship."). Absent any factual support regarding the putative class members' New York citizenship, there is no basis to conclude that a CAFA exceptions applies to an action stemming from a nationwide recall.

### 2. Multiple Defendants and Nationwide Conduct

The local controversy exception requires the controversy to be truly local. The home state exception requires all primary defendants to be citizens of the forum state. Here, conduct involves a Delaware/California parent (Mattel) and nationwide distribution, defeating the exception. *See Green v. Sheraton, LLC*, 2022 WL 4072475, at *2 (W.D.N.Y. 2022). Defendant Mattel, Inc. is a Delaware corporation with its principal place of business in California (Complaint ¶ 15). Mattel is a primary defendant because it manufactures, markets, and sells the Product. Therefore, this case cannot be characterized as a "local" dispute. CAFA's statutory text makes clear that for the home state or local controversy exceptions to apply, all primary defendants must be citizens of the forum state. 28 U.S.C. §1332(d)(4)(B). Where, like here, an out-of-state parent corporation like Mattel is alleged to have designed, marketed, and distributed the defective product, courts consistently hold that its presence alone defeats both exceptions. *See Mattera v. Clear Channel Commc'ns Inc.,* 239 F.R.D. 70, 80 (S.D.N.Y. 2006). The legislative history confirms Congress intended these exceptions to be "narrow," particularly where nationwide defendants are involved. *See* S. Rep. No. 109-14, at 14 (2005). Moreover, courts have emphasized that parent corporations directly tied to the alleged misconduct cannot be dismissed as peripheral parties. *See Brook v. UnitedHealth Grp.*

13

*Inc.*, No. 06 Civ. 12954 (GBD), 2007 WL 2827808, at *3-4 (S.D.N.Y. Sept. 27, 2007). Because Plaintiff alleges nationwide sales and advertising, and because Mattel's out-of-state status as a primary defendant is undisputed, Defendants cannot carry their burden of proving that either CAFA exception applies.

### 3. Nationwide Class and Injuries Across the U.S.

Plaintiff alleges that the Product was sold across the United States and injured a nationwide class (Complaint ¶¶ 2, 41). Defendants' claim that the "principal injuries" were in New York fails because Plaintiff herself is from Texas and many class members are out-of-state. Courts hold that when the class and harm are nationwide, the principal injuries are not localized.

The putative class is expressly defined to include "all persons in the United States who purchased or used a Fisher-Price 3-in-1 SnugaPuppy Activity Center," underscoring the nationwide scope of the harm. Sales occurred both in retail outlets across the country and through online platforms, insuring consumers in every state were impacted. Courts consistently reject efforts to reframe nationwide recalls as local controversies. *See Adams v. Marine Prods., Inc., 958 F.3d 1216, 1221 (9th Cir. 2020); see also Westerfeld v. Independent Processing, LLC*, 621 F.3d 819, 822-23 (8th Cir. 2010). The injuries in this case, economic losses from paying for an unsafe product and the exposure of infants nationwide to choking hazards, are not tethered to any single state but are precisely the harms Congress intended CAFA to encompass. *See Gold v. N.Y. Life Ind. Co.*, 730 F.3d 137, 141 (2d Cir. 2013). Further, Mattel's status as a Delaware-incorporated, California-headquartered parent corporation confirms this case implicates multi-state and national interests, not localized disputes. *See Mattera v. Clear Channel Commc'ns Inc.,* 239 F.R.D. 70, 80 (S.D.N.Y. 2006). Because the class definition and injuries are nationwide in scope, Defendants cannot plausibly satisfy the "principal injuries" requirement under the local controversy exception.

14

Accordingly, Defendants' reliance on CAFA exceptions is misplaced because: 1) They provide no evidence of class citizenship composition; 2) Mattel is a primary, out-of-state defendant, defeating the home state exception; and 3) Injuries and sales are nationwide, defeating the local controversy exception.

## V.    CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion to Dismiss in its entirety.


Dated: August 27, 2025,                    Respectfully submitted,

                                           By: */s/ Paul J. Doolittle*
                                           Paul J. Doolittle, Esq. (*Pro Hac Vice*)
                                           **POULIN | WILLEY | ANASTOPOULO, LLC**
                                           32 Ann Street
                                           Charleston, SC 29403
                                           Telephone: (803) 222-2222
                                           paul.doolittle@poulinwilley.com
                                           cmad@poulinwilley.com